# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DYLAN M. ENGEL,

                Plaintiff,

v.

BANK MUTUAL and
PHENOM (BG),

                Defendants.

Case No. 18-CV-204-JPS

**ORDER**

      Plaintiff Dylan M. Engel, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). As explained below, Plaintiff's present submissions fail on both points.

**1.    Motion for Leave to Proceed *In Forma Pauperis***

      On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff avers that he is unemployed, unmarried, and has no dependents. (Docket #2 at 1). He receives $740 per month in Social Security supplemental income. *Id.* at 2. He claims that his

expenses include nearly $200 per month in rent and $70 in other household expenses. *Id.* at 2. Plaintiff avers that he has fully paid his credit card debt each month for the last two years, but he does not report what the monthly payment is. *See id.* He has $2,000 in the bank but has no other assets, such as a car, home, or investments. *Id.*

Plaintiff's sworn statements regarding his income, assets, and expenses are somewhat incoherent, leaving the Court unsure about his true financial circumstances. Most concerning for the present determination, it appears that Plaintiff's income exceeds his expenses by a wide margin, suggesting he is able to afford the filing fee. Further, according to Plaintiff, he has enough money in his bank account to immediately pay the filing fee in full. While the Court sympathizes with Plaintiff's apparently limited financial means, difficulty in paying the fee does equate to indigence. *See Wolinsky v. Bd. of Educ. of City of Chicago*, No. 95 C 6487, 1996 WL 66003, at *1 (N.D. Ill. Feb. 12, 1996) (denying leave to proceed *in forma pauperis* where the plaintiff had social security income and funds in a bank account). The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts, not that any *pro se* litigant may assert his legal claims for free. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Because Plaintiff's financial circumstances could be better explained, the Court will grant him an opportunity to submit an amended motion for leave to proceed *in forma pauperis* rather than deny him that status outright. His amended motion should clearly state every source of his monthly income, identify all of his monthly expenses, and report any assets he may have. The motion must be filed no later than **March 8, 2018**. If no motion is filed, the Court will direct Plaintiff to pay the $400 filing fee in full.

## 2. Screening Plaintiff's Complaint

In addition to requiring that Plaintiff amend his motion for leave to proceed *in forma pauperis*, the Court will also direct him to submit an amended complaint. When a plaintiff asks leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's complaint falls short of even this low bar, as his allegations are nearly indecipherable. He appears to sue his credit card issuer, Bank Mutual, and a nutritional supplement purveyor or manufacturer, Phenom BG, for placing and maintaining fraudulent charges to his credit card. To highlight its interpretive difficulty, the Court will reproduce the operative portions of his complaint in full:

> Observation on cyber security breach or credit card fraud with Bank Mutual card. 72.95 charge transaction placed at UWMKE before NASAS CAPTAIN KELLY held plenary on his endurance text with A FACEBOOK LINK ON A SURFACE BOOK. Phenom is a supplement company, offering Krill omega 3 oil, or vitamin supplements. The certificate at by/one—with Bank Mutual credit appeared as insecure, malware, fraudulent, or a breach to Bank Mutual credit. 4 companies, which are unreal nonexistent were, on the bill, falsified transaction charges.
> I had to file a form evaluation with Bank Mutual staff, this is now posted, and not related besides being the same business Bank Mutual. I filed a "world class" survey over the phone. The amount of charges haven't been reduced, Bank Mutual credit is unresponsive to falsified transaction charges being removed. Over the phone this had been identified with BMC Credit, as a breach in cyber securities w/ UWMKE, Microsoft Systems, and is seriously incorrectly handled at this time.

(Docket #1 at 2–3). In the "Relief Wanted" section, Plaintiff seems to request that the allegedly fraudulent credit charges be removed from his account. *See id.* at 4.

Plaintiff cites no basis for the Court's subject-matter jurisdiction over his claims. A federal court's jurisdiction is generally limited to two types of suits: (1) those between citizens of different States, called "diversity" jurisdiction, pursuant to 28 U.S.C. § 1332; and (2) those involving causes of action arising under federal law, known as "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331.

In this instance, the Court cannot exercise diversity jurisdiction over Plaintiff's claims. First, the challenged charge is just $73, far south of the $75,000 amount in controversy required by the diversity statute. 28 U.S.C. § 1332(a). Second, both Plaintiff and Bank Mutual are citizens of Wisconsin.[1] Because Plaintiff and Bank Mutual are both citizens of the same State, there can be no diversity jurisdiction, even if it were shown that Phenom BG is not a Wisconsin citizen. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

As for federal question jurisdiction, there appears to be only one federal law arguably relevant to Plaintiff's circumstances: the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666. Congress enacted the FCBA in order to regulate billing disputes involving open-end credit accounts such as credit cards. *See Gray v. Am. Express Co.*, 743 F.2d 10, 13 (D.C. Cir. 1984). If a card holder sends a written notice disputing a charge within sixty days of receiving a bill, the FCBA requires the issuer to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days. 15 U.S.C. § 1666(a); 12 C.F.R.

---

[1]Although Plaintiff does not allege the citizenship of Bank Mutual, the Court notes that it is a local Wisconsin bank, incorporated and headquartered here. This means that Bank Mutual must be considered a citizen of Wisconsin. *See* 28 U.S.C. § 1332(c)(1).

§ 226.13; *Am. Express Co. v. Koerner*, 452 U.S. 233, 234–37 (1981). If a creditor fails to comply with its prescribed duties, it may be subject to civil liability and forfeiture of the disputed amount. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 880 (9th Cir. 2011).

Here, Plaintiff alleges that he complained of fraudulent credit charges to Bank Mutual, but it did not remove them. This is not itself a violation of the FCBA. Instead, a violation would only occur if the bank did not investigate upon receiving a proper written notice of his dispute. Lacking in the present complaint, however, is a minimally satisfactory explication of the operative facts, including when the challenged charge appeared on Plaintiff's credit account, why he believes the charge was incorrect or fraudulent, when and how he notified Bank Mutual of his belief, and how Bank Mutual responded. Plaintiff's conclusory assertion that the matter has not been handled to his satisfaction is not enough.

Because Plaintiff has not alleged that he gave written notice as required by the FCBA, or that Bank Mutual failed to fulfill its investigatory obligations upon receipt of such a notice, he does not state a claim under the FCBA at present. However, in light of Plaintiff's *pro se* status, the Court will permit Plaintiff leave to amend his complaint. He should provide whatever additional factual details he can regarding his claim, as described above. Only then will the Court be able to decide whether an FCBA claim may proceed against Bank Mutual.

Furthermore, it should be noted that Phenom BG is not a creditor regulated by the FCBA and would not be liable under that statute for fraudulently charging Plaintiff's credit card. If Plaintiff believes that Phenom BG charged him for products he did not buy, his recourse is a state-law tort or breach of contract claim. The Court may have jurisdiction over

such a claim pursuant to its supplemental jurisdiction, provided in 28 U.S.C. § 1367(a). That statute allows federal courts to exercise jurisdiction over state-law claims that are sufficiently related to claims coming with the court's other heads of jurisdiction. The Court will withhold a determination as to whether supplemental jurisdiction is appropriate for the present, as that may be affected by the allegations in Plaintiff's amended complaint.

Plaintiff's amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). The amended complaint must be filed no later than **March 8, 2018**.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that on or before **March 8, 2018**, Plaintiff shall file an amended motion for leave to proceed *in forma pauperis* curing the defects in the original motion as described herein; and

**IT IS FURTHER ORDERED** that on or before **March 8, 2018**, Plaintiff shall file an amended complaint curing the defects in the original complaint as described herein.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge